IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SARAH DAVIS

        Plaintiff,

v.                                                          CAUSE NO.

FARMERS INSURANCE COMPANY OF ARIZONA,

        Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332(a) and 1441(b), Defendant Farmers Insurance Company of Arizona (hereinafter referred to as "Defendant"), by and through their counsel of record, O'BRIEN & PADILLA, P.C., by Daniel J. O'Brien, hereby gives notice of the removal of the above-captioned action from the Eleventh Judicial District Court, State of New Mexico, County of San Juan to the United States District Court for the District of New Mexico on the basis of diversity jurisdiction. Defendant states as follows:

I. **THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

1. Defendant is named in a civil action pending in the Eleventh Judicial District Court for San Juan County, New Mexico, entitled *Sarah Davis v. Farmers Insurance Company of Arizona;* Cause No. D-1116-CV-2015-01383 (hereinafter referred to as the "State Court Action"). True and correct copies of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as *Exhibit A* as required by 28 U.S.C.§ 1446(a).

2. The State Court Action, Complaint for Uninsured Motorist Benefits, Breach of Contract, Declaratory Judgment, Breach of Fiduciary Duties, Insurance Bad Faith, Unfair Claims Practices and Unfair Trade Practices ("Complaint") was filed on December 22, 2015 and served on August 19, 2016. Defendant has not answered the Complaint prior to this Notice of Removal. The Complaint did not specify the amount of damages sought by Plaintiff.

3. Plaintiff's Complaint alleges that Plaintiff was in an accident on July 31, 2010 and sustained significant trauma. *Complaint* ¶¶ 6, 16.

4. Plaintiff's Complaint alleges that Plaintiff at the time of the accident was insured with Farmers Insurance Company of Arizona. *Complaint* ¶¶ 5, 15.

5. Plaintiff's Complaint alleges that Defendant breached its contract with Plaintiff. *Complaint* ¶ 23.

6. Plaintiff's Complaint further alleges that Defendant has failed to acknowledge that Plaintiff is entitled to coverage and seeks a determination that she is entitled to uninsured/underinsured motorist coverage pursuant to the terms and conditions of the Contract. *Complaint* ¶¶ 29, 31.

7. Plaintiff's Complaint also alleges that Defendant breached its fiduciary duties, that its actions are in bad faith and that it violated the New Mexico Unfair Claims Practices Act. *Complaint,* generally.

8. In light of Plaintiff's allegations contained in her Complaint and based upon Plaintiff's settlement demands prior to filing suit, Plaintiff's seeks damages in excess of $75,000.

9. Removal of this action is timely pursuant to 28 U.S.C.S. Sections 1441 and 1446(b)(3), because this Notice was filed within 30 days of service of a copy of a pleading and within one (1) year of the commencement of the action.

10. Venue is proper in this Court pursuant to 28 U.S.C.S. Section 1441(a), because it is the District Court and division embracing the place where this action is pending.

11. Pursuant to 28 U.S.C.S. Section 1446(d), a copy of this Notice of Removal is being served upon the counsel for Plaintiffs and a copy is being filed with the Clerk of Court for the Second Judicial District, County of Bernalillo, State of New Mexico.

12. Pursuant to D.N.M. LR-Civ. 81.1, Defendant will file legible copies of records and proceedings from the state court action within twenty-eight (28) days after filing this Notice of Removal.

13. Under the applicable provisions of 28 U.S.C.S. Sections 1441 and 1446(b) and other applicable statutes and rules, all of which Defendant has complied with, this cause of action is removable to the United States District Court for the District of New Mexico.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C.S. SECTION 1332.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C.S. Section 1332, because this is a civil action, there is complete diversity of citizenship of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**A. The Complete Diversity of Citizenship Requirement is Satisfied.**

15. There is complete diversity of citizenship between Plaintiff and Defendant.

16. Upon information and belief, Plaintiff is a resident and citizen of San Juan County, New Mexico. *Complaint,* ¶ 2.

17. Defendant Farmers Insurance Company of Arizona is a foreign corporation engaged in the business of insurance in the State of New Mexico, with its principal place of business outside of the State of New Mexico. *Complaint,* ¶ 1.

**B. The Amount in Controversy Requirement is Satisfied.**

18. To confer subject matter jurisdiction on this Court based upon diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C.S. § 1332(a).

19. A removing defendant claiming diversity jurisdiction must prove facts supporting an amount in controversy exceeding $75,000 by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001)).

20. Prior to suit, Plaintiff's last demand to settle the underinsured motorist claim only was $65,000. Should coverage under the applicable policies be established, Plaintiff's injuries and medical bills justify payment of the underinsured motorist coverage limits ($90,000) less an offset for a $30,000 payment by the carrier for the underinsured tortfeasor.

21. Plaintiff's Complaint alleges that Plaintiff suffered monetary damages including personal injury, pain and suffering, loss of value of life, monetary damages, incidental damages, consequential damages, punitive damages and attorney fees. *Complaint,* generally. Upon further information and belief, Plaintiff seeks damages in the amount over $75,000 as required by 28 U.S.C.S. § 1332(a).

22. While Defendant disputes the factual and legal merits of Plaintiff's claims raised in the Complaint, based on the allegations raised on the face of the Complaint and as demonstrated by a preponderance of the evidence, the amount in controversy is greater

than $75,000 and thus the amount in controversy requirement of 28 U.S.C.S. Section 1332(a) is satisfied.

WHEREFORE, Defendant respectfully remove this action from the Eleventh Judicial District Court, County of San Juan, State of New Mexico, Cause No. D-1116-CV-2015-01383, to this Court, pursuant to 28 U.S.C.S. Sections 1332, 1441, and 1446.

Respectfully submitted,

O'BRIEN & PADILLA, P.C.

By: */s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN
Attorneys for Defendant
6000 Indian School Rd. N.E., Suite 200
Albuquerque, NM 87110
(505) 883-8181

I HEREBY CERTIFY that a true and correct copy
of the foregoing was mailed to counsel for Plaintiff,
Jack Fortner, at P.O. Box 1960, Farmington, NM 87499
this 13th day of September, 2016.

*/s/ Daniel J. O'Brien*
DANIEL J. O'BRIEN