FILED IN MY OFFICE
DISTRICT COURT CLERK
12/22/2015 10:35:40 AM
WELDON J. NEFF
Frances Slavey

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

No. CV
D-1116-CV-2015-01383

SARAH DAVIS,

　　　　Plaintiff,

v.

FARMERS INSURANCE COMPANY OF ARIZONA,

　　　　Defendant.

## COMPLAINT FOR UNINSURED MOTORIST BENEFITS, BREACH OF CONTRACT, DECLARATORY JUDGMENT, BREACH OF FIDUCIARY DUTIES, INSURANCE BAD FAITH, UNFAIR CLAIMS PRACTICES AND UNFAIR TRADE PRACTICES

COMES NOW, Plaintiff Sara Davis (hereinafter "Plaintiff") by and through her attorneys, Fortner & Quail, LLC and for her cause of action against Defendant Farmers Insurance Company of Arizona (hereinafter "Farmers"), states as follows:

1. Farmers Insurance Company of Arizona is a foreign corporation engaged in the business of insurance in the State of New Mexico, with its principal place of business outside of the State of New Mexico.

2. Plaintiff is a resident of San Juan County, New Mexico and was 17 years old at the time of the accident described herein.

3. The incident which is the subject of this claim occurred in San Juan County, State of New Mexico.

4. This Court has jurisdiction over this matter, and venue is proper.

5. On or about July 31, 2010, Sarah Davis was insured with Farmers Insurance.


EXHIBIT A

6. On or about July 31, 2010, Plaintiff was in a vehicle driven by Ryan Conway when Mr. Conway and the Plaintiff were involved in an accident. Plaintiff sustained significant trauma, including a broken neck, internal bleeding in her brain, and bruised lungs.

7. Mr. Conway's insurance company, Farmers, offered and paid the policy limit of $30,000 to Plaintiff for damages she had suffered as a result of the injuries incurred in the accident. However, Plaintiff's damages incurred as a result of the injuries exceeded this coverage.

8. At the time of the accident, Plaintiff was under the physical care and supervision of Melissa and Matthew LeBas within the meaning of New Mexico's definition of "physical custody." NMSA 1978 §40-10A-102(14). Plaintiff was a resident relative of the LeBas household.

9. In addition, the LeBas family, i.e. Matthew and Melissa LeBas, were persons acting as parents by virtue of their legally-recognized relationship to Plaintiff within the meaning of NMSA §40-10-102(13)(A-B). Included in this legally-recognized relationship is a fiduciary duty owed by guardians to their wards to provide for protection against injuries sustained while occupying their vehicles.

10. In force at the time of the accident were three Farmers car insurance policies in the LeBas household, policy numbers 16-16976-95-39, 16-18537-43-74 and 16-18537-43-74. These policies provided an aggregate $150,000 of uninsured or underinsured motorist coverage.

11. On May 11, 2011, a letter was sent to Farmers requesting that a claim for uninsured motorist benefits be opened.

12. Farmers responded on May 24, 2011 that Plaintiff may be entitled to benefit of portable/stackable UM/UIM coverage from the LeBas household if it could be documented that Plaintiff was a Class I insured.

13. On June 24, 2011, Farmers sent an additional letter that a Class I insured is either (1) the named insured on the policy, (2) the spouse, or (3) those relatives that reside in the household. Farmers also stated that Plaintiff's status as a ward to the legal guardians in the LeBas family is insufficient to find her to be a relative that resides in the household.

### I. UNINSURED MOTORIST BENEFITS

14. Plaintiff incorporates the foregoing allegations of the Complaint as if fully restated herein.

15. Prior to the date of the automobile incident on July 31, 2010, Plaintiff was a class I under the policy of insurance which provided uninsured/underinsured motorist coverage purchased by her legal guardians, the LeBas family. As such, Plaintiff was an insured under the policy of insurance and a party to the insurance contract. A legally enforceable promise for Farmers to provide Plaintiff with uninsured/underinsured motorist insurance coverage existed. Farmers received consideration for such coverage, and at the time of the incident, uninsured/underinsured motorist coverage existed for Plaintiff's benefit pursuant to the plain, clear, unambiguous terms of the Contract.

16. The incident on July 31, 2010 caused Plaintiff to sustain bodily injury.

17. The bodily injury sustained by Plaintiff arose out of the ownership, maintenance or use of an underinsured automobile.

18. Plaintiff is legally entitled to recover damages related to Mr. Conway's status as an underinsured motorist.

19. Plaintiff is legally entitled to recover damages from Mr. Conway because the acts and failures to act of Mr. Conway were negligent. At the time of the accident, there were in force and effect certain statutes and ordinances that were violated by the underinsured motorist, including but not limited to:

    a. NMSA 1978, § 66-7-201  Accidents involving death or personal injuries,

    b. NMSA 1978, § 66-8-113  Reckless driving, and

    c. NMSA 1978, § 66-8-114  Careless driving.

The aforementioned statutes were enacted for the protection of the class of persons which include Plaintiff. Mr. Conway's violation of these statutes constitutes negligence *per se*.

20. As a direct and proximate result of the intentional acts, negligence and negligence *per se* of Mr. Conway, Plaintiff has suffered serious personal injuries, pain and suffering, disfigurement, inconvenience, loss of earnings, loss of enjoyment of activities, hedonic damages, or loss of the value of life itself, as well as expenses for medical care received in the past and reasonably certain to be received in the future, all to the damage of Plaintiff in an amount to be determined by the Court at trial.

21. Plaintiff has made numerous attempts to reach an agreement with Farmers as to her right to benefits and amounts payable on his uninsured/underinsured motorist claim. Plaintiff has failed to reach an agreement within the meaning of the Contract.

## II. BREACH OF CONTRACT

22. Plaintiff incorporates the foregoing allegations of the Complaint as if restated herein.

23. Farmers' acts and failures to act, as enumerated above, constitute a willful breach of its Contract with Plaintiff.

24. As a direct and proximate result of the breach of the Contract by Farmers, Plaintiff has suffered monetary damages, including but not limited to actual damages, incidental damages, consequential damages and reliance damages, in an amount to be determined at trial.

25. Farmers' acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978 §39-2-1.

26. Farmers' actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

### III. DECLARATORY JUDGMENT

27. Plaintiff incorporates the foregoing allegations of the Complaint as if restated herein.

28. This Count is an action for declaratory judgment pursuant to 28 U.S.C. 1332(a)(1) and NMSA 1978 §§ 44-6-2 and 44-6-4, for the purpose of determining a question of actual controversy between the parties.

29. At the time of the July 31, 2013 incident, Plaintiff was a class I insured under the Contract and was entitled to uninsured/underinsured motorist coverage.

30. Farmers has failed to acknowledge that Plaintiff is entitled to coverage or that coverage exists.

31. Plaintiff is entitled to a determination by the Court that she is entitled to uninsured/underinsured motorist coverage pursuant to the terms and conditions of the Contract.

### IV. BREACH OF FIDUCIARY DUTIES

32. Plaintiff incorporates the foregoing allegations of the Complaint as if restated herein.

33. At all times relevant to this Complaint, a fiduciary relationship existed between Plaintiff and Farmers.

34. Farmers had a duty to properly represent Plaintiff interests and to act in accordance with the accepted and required standards of conduct applicable to an insurer in relation to uninsured/underinsured motorist coverage.

35. Farmers breached the fiduciary duty owed to Plaintiff by placing its interests above the interests of Plaintiff.

36. As a direct and proximate result of Farmers breach of fiduciary duty, Plaintiff has suffered monetary damages in an amount to be determined by the Court at trial.

## V. BAD FAITH

37. Plaintiff incorporates the foregoing allegations of the Complaint as if restated herein.

38. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder. Fair dealing means to act honestly and in good faith in the performance of the contract. The insurance company must give equal consideration to its own interests and the interests of the policyholder.

39. An insurance company acts in bad faith when it refuses to pay a claim of the policyholder for reasons which are frivolous or unfounded. In deciding whether to pay a claim, the insurance company must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim. It may not unreasonably delay its notification to the policyholder that the claim will be paid or denied. A failure to timely investigate, evaluate,

and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

40. Farmers' acts and failures to act, as enumerated above, constitute a breach of its duty of good faith to Plaintiff.

41. As a direct and proximate result of Farmers' bad faith, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

42. Farmers' acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

43. Farmers' actions were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

## VI. UNFAIR CLAIM PRACTICES

44. Plaintiff incorporates the foregoing allegations of the Complaint as if fully set forth herein.

45. Farmers' acts and failures to act, as enumerated above, constitute unfair claims practices which are illegal pursuant to the New Mexico Unfair Claims Practices Act, NMSA 1978, §59A-16-20 (1984):

> Any and all of the following practices with respect to claims, by an insurer or other person, knowingly committed or performed with such frequency as to indicate a general business practice, are defined as unfair and deceptive practices and are prohibited:
>
> A. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

7

    B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

    C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

    D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

    E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear; …

    G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; …(and)

    N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; …

Farmers knowingly and willfully engaged in these practices and has engaged in these practices with such frequency as to indicate that such conduct is its general business practice.

46. As a direct and proximate result of Farmers' unfair claims practices, Plaintiff has suffered compensatory damages, incidental damages and consequential damages in a monetary amount to be determined at trial.

47. Farmers' acts and failures to act, as enumerated above, constitute an unreasonable failure to pay a first party claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, §39-2-1.

48. Farmers' actions were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## VII. PUNITIVE DAMAGES

49.     Plaintiff incorporates the foregoing allegations of the Complaint as if fully set forth herein.

50.     The acts and failures to act by Farmers were malicious, willful, reckless, wanton, oppressive, in bad faith and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays that this Court declare and adjudge that at the time of the incident on July 31, 2013, Plaintiff was a class I insured under the Farmers policy and was entitled to uninsured/underinsured motorist coverage in the amount of $150,000 less an offset from the policy of the tortfeasor and for such other relief as is deemed just and proper.

In addition, Plaintiff prays for judgment against Farmers for damages as determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages and for such other relief as the Court may deem just and proper.

FORTNER & QUAIL, LLC
Attorneys at Law
P.O. Box 1960
Farmington, NM 87499
(505) 326-1817

By _____